OTIS ELEVATOR COMPANY, Appellant,

v.

KASS REALTY COMPANY, Inc.,
Appellee.

No. 9961.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1965.

Decided Nov. 22, 1965.

Armistead L. Boothe, Alexandria, Va. (Boothe, Dudley, Koontz, Blankingship & Stump, Alexandria, Va., on the brief), for appellant.

Charles H. Duff, Arlington, Va. (Duff & Slenker, Arlington, Va., on the brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and MARTIN, District Judge.

PER CURIAM:

The parties to this appeal were the defendants in a personal injury suit which grew out of an accident on an escalator installed and maintained by Otis in a building managed by Kass. In that action, wherein the jury returned a general verdict against both defendants, they each paid one-half of the judgment and then filed cross-actions to have their liabilities to each other determined.

These cross-claims were submitted to the court by agreement of the parties on evidence taken from the record and transcript of the former trial. The court found the Elevator Company alone negligent, and that party appeals, contending that the findings are contrary to the evidence and that the jury verdict in the former trial made the negligence of both defendants res adjudicata.

We hold that the court's findings in this case are not clearly erroneous;[1] furthermore, the finding in this action that Kass was not guilty of negligence is not inconsistent with the former jury verdict since in that case Kass, the owner-manager of the building, had

---

1. The clearly erroneous rule applies to a finding of negligence. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L. Ed. 20 (1954); Wright, Federal Courts § 96 (1963).

a nondelegable duty to the plaintiff as a member of the public and was liable to her for the negligence of the Elevator Company. Upon its findings the court correctly gave judgment for the Realty Company under the Virginia law. Maryland Casualty v. Aetna, 191 Va. 225, 60 S.E.2d 876, 879 (1950).

Affirmed.